IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JARED STAAL, derivatively on behalf of K12 INC., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW H. TISCH, RONALD J. PACKARD, CRAIG R. BARRETT, GUILLERMO BRON, NATHANIEL A. DAVIS, STEVEN B. FINK, MARY H. FUTRELL, and JON Q. REYNOLDS, <br><br> Defendants, <br><br> and <br><br> K12 INC., a Delaware Corporation, <br><br> Nominal Defendant. | Civil Action No. 1:12-cv-00365-SLR |

**[PROPOSED] FINAL JUDGMENT AND
ORDER OF DISMISSAL WITH PREJUDICE**

This matter came before the Court for hearing pursuant to the Order of this Court, dated _____, 2013 ("Order"), on the application of the Settling Parties (as defined in the Stipulation) for approval of the settlement set forth in the Stipulation of Settlement dated July 22, 2013 (the "Stipulation"). Due and adequate notice having been given to the Current K12 Stockholders as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Final Judgment and Order of Dismissal with Prejudice (the "Judgment") incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Actions, including all matters necessary to effectuate the Settlement, and over all parties to the Actions, including Stockholders, the Individual Defendants, and K12.

3. The Court finds that the Settlement is fair, reasonable, and adequate as to each of the Settling Parties, and hereby finally approves the Stipulation and the Settlement in all respects, finds that the Settlement provides substantial benefits to K12 and its stockholders, and orders the Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

4. The Court finds that the Summary Notice of Pendency and Proposed Settlement of Derivative Action published in *Investor's Business Daily*, or in such other form and manner as the Court has directed, and the Notice of Pendency and Proposed Settlement of Derivative Action posted on the website of Levi & Korsinsky LLP provided the best notices practicable under the circumstances of these proceedings and of the matters set forth therein, including the Settlement set forth in the Stipulation, to all persons entitled to such notice, and said notices fully

satisfied the requirements of the Federal Rules of Civil Procedure, including Rule 23.1, and the requirements of due process.

5. The Action and all claims contained therein, as well as all of the Settled Claims, are dismissed with prejudice. As between Stockholders, K12, and the Individual Defendants, the Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

6. Upon the entry of the Judgment, Stockholders, on their own behalf and derivatively on behalf of K12, Stockholders' Counsel, and K12 shall have and by operation of this Judgment shall be deemed to have, with respect to each and every Settled Claim, released and forever discharged, and shall forever be barred and enjoined from initiating, continuing, filing, or otherwise prosecuting, any Settled Claims against any of the Released Persons. Nothing herein shall, however, bar any action or claim to enforce the terms of the Stipulation or this Judgment. For the avoidance of doubt, nothing in this paragraph shall interfere with or otherwise prevent the Stockholders from receiving any portion of any relief provided to Company shareholders by virtue of the resolution of the Securities Class Action or any other representative action brought against the Company on behalf of Company shareholders.

7. The Court finds that during the course of the Action, the Settling Parties and their respective counsel, at all times, complied with Rule 11 of the Federal Rules of Civil Procedure.

8. Stockholders' Counsel is hereby awarded $ 750,000.00 for attorneys' fees and the reimbursement of expenses.* Stockholders are hereby awarded a special award in the amount of $ 15,000.00.

9. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Settled

2

Claim, or of any wrongdoing or liability of the Defendants or the Released Persons; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or the Released Persons in any proceeding of any nature. K12, any of the Individual Defendants, or any Released Person may file the Stipulation and/or the Judgment in any action that has been or may be brought against him, her, or it in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement; and (b) the Settling Parties for the purpose of construing, enforcing, and administering the Stipulation and Settlement, including, if necessary, setting aside and vacating this Judgment, on motion of a party, to the extent consistent with and in accordance with the Stipulation if any condition set forth in Section 4.1 of the Stipulation fails to occur.

11. This Judgment is a final, appealable judgment and should be entered forthwith by the Clerk in accordance with Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: November 5, 2013

THE HONORABLE SUE L. ROBINSON
UNITED STATES DISTRICT JUDGE

---

*Consistent with the factors identified in *Sugarland Indus., Inc. v. Thomas*, 420 A.2d 142, 149-50 (Del. 1980) (the results achieved, the contingent nature of the fee arrangement, the amount of time and effort devoted by counsel, and the quality of work performed), the court concludes that shareholders (as well as the public) have materially benefitted from the corporate governance changes effected through the settlement, and that the amount of time and effort devoted by plaintiffs' counsel is commensurate with the fee award, which is itself reasonable based on past awards for similar significant non-monetary, corporate governance reforms. *See, e.g., Am. Italian Pasta Co. S'holder Litig.*, Civ. No. 5610-VCN (Del. Ch. 2010) (D.I. 15, ex. H). The requested fee has been reduced to reflect the fact that the issues presented themselves to plaintiffs' counsel and were not necessarily novel ones. The requested fee has not been reduced to the extent suggested by defendants because plaintiffs' counsel took on the challenge of effecting a creative solution among the parties, and did so ably and efficiently to the substantial benefit of shareholders.